UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**Candido RUIZ-Cruz**<br>**AKA: Enrique CRUZ-Hernandez,**<br><br>Defendant. | '08 MJ 1966<br>Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation (Felony) |

The undersigned complainant being duly sworn states:

On or about **June 26, 2008**, within the Southern District of California, defendant, **Candido RUIZ-Cruz AKA: Enrique CRUZ-Hernandez,** an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **27th** DAY OF **June** **2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 26, 2008, at approximately 0905 hours, a male individual identified as **Candido RUIZ-Cruz AKA: Enrique CRUZ-Hernandez (Defendant),** applied for admission to United States from Mexico at the San Ysidro Port of Entry while driving a red Volkswagon Passat bearing Baja California license plates. Defendant presented a DSP-150 Border Crossing Card bearing the name Rafael Aguilera Cesena to a United States Customs and Border Protection (CBP) Officer and gave two negative declarations. A CBP Canine Enforcement Officer (CEO) conducting roving operations received a positive alert to the trunk of the vehicle driven by Defendant. A search of the vehicle revealed a person concealed in the trunk of the vehicle. The vehicle and its occupants were escorted to secondary for further inspection.

In secondary, Defendant was queried by fingerprint and photograph submission through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which revealed Defendant's true identity. IDENT and IAFIS also linked Defendant to Immigration and FBI records.

Queries through the Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico without legal documents or entitlements to enter the United States. DACS further revealed Defendant was last ordered deported and removed from the United States by an Immigration Judge on or about May 11, 2006 and was physically removed from the United States on the same date. DACS records indicate Defendant was last physically removed from the United States to Mexico on or about February 13, 2008. CBP records indicate no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a video-recorded proceeding, Defendant was advised of his Miranda rights and elected to answer questions without the benefit of counsel. Defendant admitted he is a citizen of Mexico without legal documents or entitlements to enter the United States. Defendant admitted to having been previously deported to Mexico by an Immigration Judge. Defendant admitted he was aware he requires permission to legally enter the United States after having been deported by an Immigration Judge and has not received permission from the Attorney General or the Secretary of Homeland Security to legally re-enter the United States. Defendant stated he was going to Camarillo, California to seek employment and resume residency.